KILLEN v. BENTON.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO.
    The Court of Appeals does not set aside jury verdicts and remand for entry of judgment *non obstante veredicto* unless the factual record is so clear that reasonable minds may not disagree.

2. NEW TRIAL—VERDICT CONTRARY TO GREAT WEIGHT OF EVIDENCE.
    A verdict that is against the great weight of the evidence constitutes grounds for a new trial (GCR 1963, 527.1[5]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  5 Am Jur 2d, Appeal and Error §§ 608, 969.
[2]  39 Am Jur, New Trial § 129 *et seq.*
[4, 5]  39 Am Jur, New Trial § 24.
    Propriety of limiting to issue of damages alone new trial granted on ground of inadequacy of damages awarded.  29 ALR2d 1199.

3. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

Evidence is viewed from a point of view most favorable to the party against whom a motion for judgment notwithstanding the verdict is made.

4. AUTOMOBILES—NEGLIGENCE—EVIDENCE—NEW TRIAL AS TO LIABILITY AND DAMAGES.

Evidence presented by defendants, owner and driver of car which struck 9-1/2-year-old boy homebound from school while passing eastbound across street as car came from east and was making left turn to south, *held,* sufficient to raise issues of fact for jury as to negligence of defendant driver, hence, new trial as to both liability and damages is ordered in lieu of new trial limited to damages only.

5. NEW TRIAL—DAMAGES—LIABILITY—EVIDENCE—QUESTION OF FACT.

Full new trial of issues of liability and damages involved in actions for injuries to a 9-1/2-year-old boy at a T-street intersection when hit by defendants' car driven by a minor, is ordered on reversal rather than a trial limited to damages only, where evidence has been presented raising an issue of fact as to negligence of defendant driver.

Appeal from Saginaw; O'Neill (James E.), J. Submitted Division 3 May 11, 1965, at Detroit. (Docket Nos. 277, 278.) Decided July 19, 1965. Leave to appeal denied by Supreme Court October 20, 1965.

Declaration by Emmanuel Killen, a minor, against Robert N. Benton and Ralph Lyle Benton for injuries sustained when an automobile driven by Ralph Lyle Benton struck plaintiff. Derivative action by Ulysses D. Killen. Judgments *non obstante veredicto* on liability for plaintiffs and new trial ordered on damages. Defendants appeal. Reversed and remanded.

*Henry G. Marsh,* for plaintiffs.

*Cartwright, Walker & Stenglein* (*Harvey D. Walker,* of counsel), for defendants.

McGREGOR, J. The minor plaintiff, Emmanuel Killen, a 9-1/2-year-old boy, was injured on September 19, 1961, on the way home from school with his two sisters, one 14 years old and the other 7-1/2 years old. The scene of the accident in the city of Saginaw was the T-shaped intersection at which 15th street enters Jane street from the south and terminates. The three children had been walking along the sidewalk on the south side of Jane street in an easterly direction. When Emmanuel reached the intersection, he was some distance ahead of his sisters, and there was evidence that he stopped at the west curb of 15th street and then proceeded to walk across.

His older sister testified that he started across in the unmarked crosswalk but at a slight angle to the south. The minor plaintiff, himself, testified that he started to walk across in the unmarked crosswalk and was nearing the east curb of 15th street when he first observed the defendant's vehicle making a left turn from Jane street into 15th street to proceed south. He claims he then began to run and when close to the east curb was hit by defendant's vehicle and was knocked into the air. He landed some 25 feet south of the crosswalk.

The defendant driver, Ralph Lyle Benton, 17 years old, testified that as he came west on Jane street close to the center line, he made an observation to the rear to determine if he could turn safely. He made no hand signal and his car did not have an electric turn signal. As he approached 15th street, he saw no children nearby and when 10 to 15 feet from 15th street, commenced his left turn, slowing his speed. When the defendant driver was about to enter the south crosswalk of Jane street, going 15 miles per hour, he first saw young Killen 9 to 12 feet in front of him, running in front of his car, at which time he applied his brakes, but could not avoid striking the boy with the middle of his car front. An

investigating officer testified that defendant's vehicle
had skidded a total of four feet and described the
defendant's stop as a "good" stop. The record is
devoid of evidence that the defendant driver was
traveling at an excessive speed.

The other witness to the accident was Mrs. Made-
line Sagesh, who worked in the same grocery store
where defendant driver Ralph Lyle Benton was
employed. This store was located on the southwest
corner of the accident intersection. This witness
testified that she observed the accident from inside
the store, through one of the display windows. This
witness testified at trial that when she observed
Emmanuel, he was scooting, or skipping, across the
street. She also stated that she saw him hit at the
edge of a manhole cover which was in the middle of
the street and a little bit south of where the cross-
walk would have been if it had been marked with
lines.

The injured minor brought suit against both the
minor driver and the owner of the vehicle. His
father also brought an action (consolidated for trial
and appeal) against the same defendants for ex-
penses and damages he had incurred for his son's
care. After the jury verdict of no cause of action,
plaintiffs filed a motion for judgment notwithstand-
ing the verdict, or in lieu thereof, to order a new trial.
The trial court granted plaintiffs' motion for judg-
ment notwithstanding the verdict on the question of
liability, and ordered a new trial as to damages only.
This appeal is from said judgments and orders. The
plaintiffs contend that they have proven negligence
as a matter of law because despite all inferences that
the young boy ran into the street, there is no evi-
dence to support such inference.

The significant point of this case is that the scale
used in weighing the evidence taken as a whole, for
purposes of deciding a motion for judgment notwith-

standing the verdict, is different from that used in determining whether or not to grant a new trial.

"We do not invade the fact-finding authority of the jury or remand for entry of judgment *non obstante veredicto* * * * unless the factual record is so clear that reasonable minds may not disagree." *Cochrane* v. *Wittbold* (1960), 359 Mich 402, 408.

GCR 1963, 527.1(5) specifies that a verdict against the great weight of the evidence is grounds for a new trial. The distinction is stated succinctly in 2 Honigman & Hawkins, Michigan Court Rules Annotated, p 532,

"While a motion for a new trial may be granted if the verdict is against the weight of the evidence, judgment notwithstanding the verdict may be allowed only if there is insufficient evidence, as a matter of law, to make an issue for the jury."

While this Court agrees that the trial judge, in the exercise of reasonable discretion, could find that the verdict was against the great weight of the evidence, we cannot agree that, as a matter of law, there were no factual issues which could affect the matter of liability. The evidence must be viewed from a point of view most favorable to the party against whom a motion for judgment notwithstanding the verdict is made. *Dismukes* v. *Michigan Express, Inc.* (1962), 368 Mich 197. The defendants herein produced evidence sufficient to raise issues of fact and, therefore, made a case for the jury. *Yacobian* v. *Vartanian* (1922), 221 Mich 25.

The trial court, having ruled that the verdict was against the great weight of the evidence, should have ordered a new trial on all the issues.

"While permitted by rule, the courts do not favor partial new trials limited to damages alone. (See *Kistler* v. *Wagoner,* 315 Mich 163.)" *Garrigan* v.

*LaSalle Coca-Cola Bottling Co.* (1964), 373 Mich 485, 489, citing with approval *Bias* v. *Ausbury* (1963), 369 Mich 378.*

Judgments reversed and cause remanded for new trial as to both liability and damages. Costs to appellants.

J. H. GILLIS, P. J., and WATTS, J., concurred.

* See GCR 1963, 505.2.—REPORTER.