OLSON *v.* DAHLEN.

1. PLEADING—NOTICE OF ISSUES.

A pleader must inform his adversary of the issues which he anticipates will arise upon trial of the action (GCR 1963, 111).

2. SAME—COMPLAINT.

A plaintiff is bound to state in his complaint the facts upon which he relies to support his cause of action (GCR 1963, 111.1).

3. SAME—DEFENSES—NOTICE.

A defendant must supply notice in his answer of the defenses he will employ to defeat the claim stated against him (GCR 1963, 111.2).

4. SAME—SUFFICIENCY UNDER COURT RULES.

Pleading of parties in action on alleged contract *held*, sufficient to fulfill requirement of court rule, where they state the facts

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading §§ 25, 362 *et seq.*
[2] 41 Am Jur, Pleading §§ 25, 77.
[3] 41 Am Jur, Pleading §§ 25, 117.
[4] 41 Am Jur, Pleading §§ 79, 145.
[5, 7] 41 Am Jur, Pleading §§ 340–343.
[6, 8] 41 Am Jur, Pleading § 342.
[9, 10, 12] 41 Am Jur, Pleading § 371.
[11] 41 Am Jur, Pleading §§ 74, 77, 117, 330–334.
[13, 14] 5 Am Jur 2d, Appeal and Error § 839.
[15] 5 Am Jur 2d, Appeal and Error § 885.

upon which the parties rely in support of and opposition to the alleged contract (GCR 1963, 111.1, 111.2).

5. SAME—ANSWER—SUMMARY JUDGMENT.

Defendants' answers *held*, not to justify grant of summary judgment against them for failure "to state a valid defense to the claim asserted against" them, where they deny the allegations of the complaints and set forth affirmative defenses (GCR 1963, 117.2[2]).

6. JUDGMENT—DEFINITION OF ISSUE.

*Issue*, as used in court rule pertaining to summary judgment, is a term of art meaning that the quantum of proof supporting the allegations of the party having the burden of proof is sufficient, by legal standards, to establish a tenable probability of fact, on the one hand, and not so overwhelming, on the other hand, as to compel a single conclusion by all reasonable minds (GCR 1963, 117).

7. SAME—SUMMARY JUDGMENT—PLEADINGS—AFFIDAVITS—ISSUE.

The test as to whether or not to grant summary judgment would be whether the kind of record which might be developed within the limits indicated by the pleadings, affidavits and other material supporting and opposing the motion, interpreted to give the benefit of any reasonable doubt to the opposing party, would leave an issue upon which reasonable minds might differ (GCR 1963, 117).

8. SAME—SUMMARY JUDGMENT—QUESTION OF FACT—CONTRACTS.

A fact question as to whether plaintiff had established a cause of action for breach of alleged contract for the sale of a kellering machine *held*, presented by pleadings, where complaint filed alleged facts supporting existence of contract and breach thereof and defendants denied existence of such contract and assert bailment, hence *plaintiff's motion for summary judgment was properly denied* (GCR 1963, 117).

9. PLEADING—MINOR FLAWS—CAUSE OF ACTION—EFFECT.

Minor flaws in pleadings should not prevent a cause of action once established from being heard on the merits, or cause it to fail if it were so heard.

10. SAME—ERRORS—SUBSTANTIAL RIGHTS OF PARTIES—AMENDMENT.

Any error or defect in pleading which does not affect the substantial rights of the parties should be disregarded or corrected by amendment.

11. SAME—SUFFICIENCY—NOTICE OF CLAIM OR DEFENSE.

No pleading should be dismissed as insufficient, so far as facts are concerned, where it gives notice of the nature of the claim or defense sufficient to permit the opposing party to take a responsive position or qualify the pleader for relief.

12. SAME—PARAMOUNT PRINCIPLE.

The paramount principle in regulating the scope of inquiry at trial is not to achieve mechanical compliance with pleadings but rather to dispose of the whole controversy on the merits.

13. APPEAL AND ERROR—FINDINGS OF FACT—EVIDENCE.

Findings of fact by a trial court will not be reversed on appeal unless the findings are contrary to the clear preponderance of the evidence.

14. SAME—FINDING OF FACT—CONTRACTS.

Finding of fact by trial court that there was no contract between plaintiff and defendants *held*, supported in record by abundant evidence.

15. SAME—RECORD—EVIDENCE.

An appellate court views the evidence from a point of view most favorable to the party against whom a motion is made.

Appeal from Wayne; Brennan (Thomas E.), J. Submitted Division 1 December 8, 1965, at Detroit. (Docket No. 662.) Decided April 26, 1966. Leave to appeal denied by Supreme Court June 28, 1966. See 378 Mich 720.

Complaint by John Olson against Gustave Dahlen and Carl G. Dahlen, jointly and severally, to recover sale price of a kellering machine allegedly sold by plaintiff to defendants. Judgment for defendants. Plaintiff appeals. Affirmed.

*Edward P. Echlin,* for plaintiff.

*Robert L. Coopes,* for defendants.

WATTS, P. J. This is a suit against a father and son, Gustave and Carl Dahlen, jointly and severally, for the alleged sale of a piece of heavy machinery known as a kellering machine.

It should be noted that the pleadings contain 1 complaint, 1 answer, 3 amended complaints, and 2 amended answers.

From the second amended complaint and the second amended answer, we may extract the following fact: Sometime between the first and the fifteenth of March, 1956, a kellering machine was delivered to the plant of the defendants.

This seems to be the only fact upon which the parties agree. From this basic fact the allegations of both plaintiff and the defendants become widely divergent. Elsewhere in the record there is testimony to support the fact that the machine was subsequently removed from the premises of the defendants in May, 1957. Also in the record on appeal at one point or another plaintiff alleges a sale, while defendants deny the sale and assert bailment. Plaintiff alleges a contract which the defendants deny. Plaintiff alleges that a specific machine designated by serial number was delivered, while defendants deny that the described machine was delivered or, if it were delivered, was substantially changed subsequent to its removal from defendants' plant. Plaintiff also alleges a demand for payment on his alleged contract and gives 4 different dates for this demand in his 4 complaints. Defendants deny that any demand for payment was ever made.

It should be noted that several machines of the type in question, namely, kellering machines, were purchased secondhand by the plaintiff from General Motors Corporation for approximately $9,500 apiece. It might also be noted that plaintiff in his suit alleges that the price involved in the alleged sale to defendants was $18,000 for the machine.

During the course of the trial plaintiff's counsel sought, among other things, a motion for summary judgment, a motion to strike defendants' amended

answer to plaintiff's second amended complaint, a motion for verdict in his favor made upon the conclusion of his testimony upon direct examination, a motion at the conclusion of proofs that defendants' answer be stricken and judgment be entered for plaintiff, and a motion for judgment *non obstante veredicto.*

For the most part, the above motions are based by the plaintiff on alleged deficiencies in the pleadings of the defendants. Allegedly, these result in the admission of facts not denied and, growing out of this, the alleged right on the part of the plaintiff to have the various motions granted as a matter of law, since defendants' pleadings were seriously deficient.

The action was commenced on February 15, 1963, approximately 7 years after the machine was delivered and 6 years after it was removed from defendants' plant. After many filings of pleadings, taking of depositions, and considerable testifying at the trial, the trial judge found that there was no contract for the sale of the machine and entered a judgment for the defendants.

The opinion of the court reads in part as follows:

"The plaintiff's attorney believes that he proved his case; that he is satisfied that the testimony adduced showed that a contract had been entered into between the parties and that there was a breach of that contract.

"The court viewed the testimony differently. It was the court's opinion, on having heard the testimony, having viewed the witnesses and having weighed the statements of the parties against reason and common sense, drawing the most logical inferences therefrom, that there never was any meeting of the minds on this alleged sale of the keller machine."

On appeal to this Court, plaintiff and defendants have agreed on a statement of questions involved. These are 7 in number, but we feel that the case may be disposed of on the basis of 2 pivotal questions, not framed by the parties:

(1) Was there a fact question: *i.e.,* a cause of action, established?

(2) If a cause of action were established, should minor flaws in the pleadings, if in fact such flaws do exist, keep the cause of action, otherwise plausible on its face, from being heard on the merits or cause it to fail after its has been so heard?

In a discussion of GCR 1963, 111, there is a committee comment in 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 191, which lays the groundwork for the answer to both of the above questions. It reads in part as follows:

"In general terms the 2 basic subdivisions 111.1 and 111.2 require that every pleader must inform his adversary of the issues which he anticipates will arise upon trial of the action. Under sub-rule 111.1 the plaintiff is bound to state in his complaint the facts upon which he relies to support his cause of action. Under sub-rule 111.2 the defendant must supply notice in his answer of the defenses he will employ to defeat the claim stated against him."

It is clear on the face of the pleadings in the instant case that they fulfill the requirements of the court rule.

The plaintiff would have us believe that the defendants' answer is inadequate to state a proper defense, therefore, inadequate to form a set of pleadings. He sought a summary judgment in the lower court and urges on appeal that the denial of his motion is reversible error. He bases his argument on GCR 1963, 117.2(2) which states:

"The motion for summary judgment shall state that the moving party is entitled to judgment in his favor because of any 1 of the following grounds: * * *

"(2) the opposing party has failed to state a valid defense to the claim asserted against him."

As noted above, such is not the case on the face of the pleadings. *The defendants' answers deny the allegations of the complaints and set forth affirmative defenses.*

In deciding whether or not an issue of fact or cause of action has been properly framed, the author's comments in regard to Rule 117, the motion for summary judgment, found in 1 Honigman and Hawkins, Michigan Court Rules Annotated, p 362, are extremely helpful:

"Heated disagreement and vigorous advocacy should not be mistaken for an issue of fact. It takes more than an argument to make an issue. An issue is a highly technical term of art, meaning that the quantum of proof supporting the allegations of the party having the burden of proof is sufficient, by legal standards, to establish a tenable probability of the fact, on the one hand, and not so overwhelming, on the other hand, as to compel a single conclusion by all reasonable minds. It has nothing to do with how passionately the parties or their lawyers may disagree.

"It has been said that the test is the same as that used in deciding whether to grant a directed verdict or judgment notwithstanding the verdict. See 3 Barron and Holtzoff, Federal Practice and Procedure, § 1234 at p 133 (numerous cases cited at note 75). If the record as a whole is such that reasonable minds could not differ, there is no issue and summary judgment should be granted. The idea is useful, but it must be applied with appreciation for the fact that the motion for summary judgment is made at a time when there is no evidence, so to speak,

and before the record has been made. The motion for summary judgment has to be decided on the basis of verified forecasts of what the evidence will be.

"This does not mean that the slightest doubt or possibility of conflict in the evidence makes summary judgment improper. Rather it enjoins caution. *And the test more carefully stated would be whether the kind of record which might be developed, within the limits indicated by the pleadings and the affidavits or other material supporting and opposing the motion for summary judgment, interpreted to give the benefit of any reasonable doubt to the opposing party, would leave an issue upon which reasonable minds might differ* or upon which a directed verdict would be proper." (Emphasis supplied.)

Measuring the pleadings in the instant case by the above yardstick, it seems clear that a fact question was properly raised.

While there is no Michigan authority to defeat the proposition proposed by plaintiff that his motion for summary judgment should be granted because the answer and amended answers to his complaints are inadequate, the committee comment quoted, *supra,* regarding GCR 1963, 111, and the author's comments regarding Rule 117.2, *supra,* are bolstered by the case of *Hindleman* v. *Specialty Salesman Magazine, Inc.* (WD Ill), 1 FRD 272.

In that case, plaintiff sought a summary judgment based on the theory of shortcomings in the defendant's amended answer. In that case the Federal district judge in Illinois said:

"Obviously, the motion for a summary judgment must be denied. On the admitted facts of the pleadings judgment could not go in favor of the plaintiff. In the first part of its amended answer, the defendant has denied and put in issue material matters which must be proved before the plaintiff is entitled to recover."

We hold that in the instant case there was a fact question established.

The second question we must consider is whether minor flaws in the pleadings, if in fact such flaws do exist, should prevent the cause of action once established from being heard on the merits, or cause it to fail if it were so heard. We hold that they do not.

Quoting again from 1 Honigman and Hawkins, Michigan Court Rules Annotated, p 198, in the discussion of pleading standards, the authors have the following to say:

"1. The guiding principle in applying all rules governing pleadings should be 'to secure a just, speedy, and inexpensive determination of all controversies on their merits.' Sub-rule 110.3. *Any error or defect which does not affect the substantial rights of the parties should be disregarded or corrected by amendment. * * * Technical forms are abolished and no particular mode of pleading is an end in itself.*

"2. The primary function of a pleading is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position. *No pleading is insufficient, so far as facts are concerned, which serves this function. * * ***

"3. If a pleading is so vague or ambiguous that a party cannot reasonably be expected to frame a responsive pleading, the appropriate remedy is a motion for more definite statement, under Rule 115. Only if the pleader fails or refuses to make his pleading more definite in response to an order should it be dismissed for vagueness.

"4. Pleadings may serve to expedite disposition of claims or defenses which are insufficient as far as the law is concerned—that is, frivolous or legally hopeless claims or defenses. *But extreme care must be exercised that this function is employed to pass upon the legal sufficiency of the claim or defense and*

*not the technical sufficiency of the pleading as a matter of form.* The pleading, of course, must disclose enough to show that a cause of action or legally sufficient defense might be established. *But no pleading should be dismissed on this account, if any set of facts which might be proved within the transactional framework disclosed by the pleading would qualify the pleader for relief.* \* \* \*

"5. *Pleadings should not be expected to carry the burden of narrowing issues for trial.* The more flexible and searching devices of discovery, Rules 302–313, pretrial conference, Rule 301, and summary judgment, Rule 117, will serve this function. \* \* \*

"7. Pleadings will serve as a flexible guide to the scope of inquiry at trial—that is, as fixing the outside limit of matters which may be considered. But a pleading to be inadequate for this purpose would have to be so vague and ambiguous that it would almost certainly be subject to a motion to make more certain, as discussed in paragraph '3'. *In any event, the paramount principle in regulating the scope of inquiry at trial is not to achieve mechanical compliance with the pleadings but rather to dispose of the whole controversy on the merits.* And if this requires adjudicating issues not covered by the pleadings, the necessary issues should be adjudicated, if this can be done without surprise or prejudice, and the pleadings amended to correspond with the proof. Sub-rule 118.3." (Emphasis supplied.)

From this it can be clearly seen that the function of the pleadings is to act as a guide rope, not as a snare or a hangman's noose.

The lower court determined that a cause of action had been stated and went on to make findings of fact.

We may not upset the findings of fact of the trial court unless the evidence clearly preponderates against them. *Shaw v. Wiegartz* (1965), 1 Mich App 271. See, also, *Schneider v. Pomerville* (1957), 348

Mich 49; *Northwestern Auto Co.* v. *Mulligan Lincoln-Mercury, Inc.* (1957), 348 Mich 279; *Barnes* v. *Beck* (1957), 348 Mich 286. The primary finding of fact in this case is that there was no contract between plaintiff and defendants. There is abundant evidence to support this finding and we will not overturn it.

The law demands that evidence be viewed from a point of view most favorable to the party against whom a motion is made. *Killen* v. *Benton* (1965), 1 Mich App 294; *Houck* v. *Snyder* (1965), 375 Mich 392.

We have carefully considered all the plaintiff's allegations of error and find them to be without merit.

Judgment for the defendants affirmed. Costs to the defendants.

BURNS and J. H. GILLIS, JJ., concurred.