## SCHWEIM *v.* JOHNSON.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT.

   The Court of Appeals does not set aside jury verdicts and remand for entry of judgment notwithstanding the verdict unless the factual record is so clear that reasonable minds may not disagree.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

   What constitutes due care for one's own safety and what constitutes negligent conduct toward others are questions of fact, not law, and where a jury has been demanded, such questions must be left for its determination if reasonable men could reach different conclusions from the facts offered.

3. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING VERDICT.

   Trial court's denial of defendant's motions for directed verdict and for judgment notwithstanding the verdict where conflicting testimony was offered at trial as to the details of a collision between cars operated by plaintiff and defendant *held,* proper, since reasonable minds could disagree on at least 2 issues raised by plaintiff's proofs, and prima facie negligence was established.

4. TRIAL—JUDGMENT NOTWITHSTANDING VERDICT.

   A judgment notwithstanding the verdict is not given without viewing the evidence from the point most favorable to the party against whom the motion was made.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 969.
[2, 3] 38 Am Jur, Negligence §§ 344, 348.
[4] 30A Am Jur, Judgments § 300.
[5–7, 9] 4 Am Jur 2d, Appeal and Error § 515 *et seq.*
[8] 53 Am Jur, Trial § 452 *et seq.*

5. AUTOMOBILES—EVIDENCE—ADMISSION OF TRAFFIC VIOLATION
CITATION—OBJECTIONS.
Trial court's admission into evidence of testimony of defendant
motorist that she received a traffic ticket, in negligence action
resulting from collision between cars operated by plaintiff
and defendant, *held*, proper, where defendant's counsel ob-
jected only to the admission of the conviction of the traffic
violation, while 3 times stating it was proper to admit defend-
ant's statement that a ticket was issued to her (CLS 1961,
§ 257.731).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—OBJECTIONS.
Evidence is presumed to have been lawfully admitted where no
proper objections were made at the trial.

7. SAME—EVIDENCE ADMITTED WITHOUT OBJECTION.
Counsel who urged and approved admission of evidence will not
be heard on appeal to contend that its admission was improper.

8. AUTOMOBILES—PREJUDICE—EVIDENCE—ARGUMENTS OF COUNSEL—
TRAFFIC TICKET.
Trial court's permitting the jury to hear arguments concerning
the admissibility of evidence relating to defendant's being
issued a traffic ticket, in negligence action resulting from colli-
sion between cars operated by plaintiff and defendant, *held*,
not prejudicial, where defense counsel's objection to further
testimony came before defendant answered regarding the dis-
posal of the traffic ticket in court, and no evidence of a con-
viction was introduced in jury's presence.

9. SAME—EVIDENCE—EXPERT WITNESSES—TIMELY OBJECTIONS.
Trial court's permitting investigating police officer to testify
that he personally examined the accident site and that an-
other officer signed a traffic violation notice issued to defendant,
in negligence action resulting from collision between cars
operated by plaintiff and defendant, *held*, proper, where no
objection was made to the officer's testimony, and the officer
gave his opinions as a properly qualified expert witness.

Appeal from Common Pleas Court of Detroit;
Kent (George D.), J. Submitted Division 1 June
8, 1967, at Detroit. (Docket No. 2,373.) Decided
March 22, 1968.

Declaration by Elsie R. Schweim against Evie
Sue Johnson for damages resulting from an auto-

mobile accident on January 7, 1963. Judgment for plaintiff. Defendant appeals. Affirmed.

*Dann, Rosenbaum, Bloom & Kaufman (Henry A. Krolik,* of counsel), for plaintiff.

*Alexander, Buchanan & Conklin (Ralph W. Barbier, Jr.,* of counsel), for defendant.

FITZGERALD, P. J.   Defendant is appealing from a denial of her motions for directed verdict and for judgment notwithstanding the verdict in a case involving an automobile collision where a verdict in the amount of $1,000 was found for plaintiff by a jury in the common pleas court for the city of Detroit.

Conflicting testimony was offered at the trial as to the details of the collision. The facts surrounding the accident were properly considered and evaluated by the jury and merit no further review by this Court. Defendant has raised the following 4 issues on appeal:

(1) Should the trial court have granted defendant's motion for directed verdict or for judgment notwithstanding the verdict?

(2) Should the evidence that a traffic ticket was issued defendant for an improper right turn have been held admissible?

(3) Should the question of the admissibility of the traffic ticket have been discussed in the presence of the jury?

(4) Did the investigating police officer have personal knowledge concerning the accident to permit him to testify about the issuance of the traffic ticket?

We are first asked to find that the trial court erred in denying the motion for directed verdict

and for judgment notwithstanding the verdict. The question is whether there is sufficient evidence of negligence and contributory negligence for the trial court to deny defendant's motion and submit the issue to the jury. This Court has held in the case of *Killen* v. *Benton* (1965), 1 Mich App 294, 298, that, " 'We do not invade the fact finding authority of the jury or remand for entry of judgment *non obstante veredicto* \* \* \* unless the factual record is so clear that reasonable minds may not disagree' ", quoting with approval the language in *Cochrane* v. *Wittbold* (1960), 359 Mich 402, 408.

The test to follow in negligence cases is well settled. If reasonable men can honestly reach different conclusions from the facts offered at the trial, then the question of liability is properly left to the determination of the jury. What conduct constitutes negligence toward the well-being of others, and what conduct is proper for one's own well-being, are questions of fact best left to the province of the jury in the light of the evidence adduced at the trial. See *Ingram* v. *Henry* (1964), 373 Mich 453.

Appellant, in his review of the transcript on this point, contends that, because the trial judge admittedly found only a "slight question of fact" for the jury, there were no questions of fact at all. We examine the record to dispose of this issue and find that reasonable minds could disagree on at least 2 issues raised in the testimony offered by the plaintiff's proofs, to wit:

(1) Perhaps defendant could have seen plaintiff's car from her location, considering the final resting positions of the 2 automobiles, in time to avoid the collision, as elicited from the plaintiff's proofs.

(2) Since defendant admitted that a traffic ticket *had* been issued to her and the investigating officer

testified as to what he observed upon arriving at the scene of the accident, there is a question as to defendant's negligence.

Reasonable minds could differ and a prima facie case of negligence is established. In addition, judgment notwithstanding the verdict is not given without viewing the evidence from a point most favorable to the party against whom the motion was made. *Killen* v. *Benton, supra,* quoting with approval the language in *Dismukes* v. *Michigan Express, Inc.,* (1962), 368 Mich 197; also see *Kroll* v. *Katz* (1965), 374 Mich 364. This evidence was sufficient to defeat the motion for directed verdict and is sufficient to also dispose of this issue.

Defendant admitted, during cross-examination, that she was issued a ticket. No evidence was ever introduced that she had been *convicted* of a traffic violation; this is forbidden by CLS 1961, § 257.731 (Stat Ann 1960 Rev § 9.2431). The remaining issue then is whether defendant's admission should have been excluded by the trial court on its own motion in the absence of an objection by defendant's counsel at that time. In fact, counsel for defendant stated 3 times that it was *proper* for the court to receive defendant's statement as to the issuance of the ticket, citing the court to the case of *Dudek* v. *Popp* (1964), 373 Mich 300. On appeal, this Court is now referred to the same case with the contention that the Supreme Court not only intended to bar evidence of conviction of a traffic violation from a civil trial, but that it also would bar evidence of the issuance of a traffic ticket in the present case. After counsel thrice urged the trial court to accept his interpretation of the *Dudek Case,* eloquently supporting his successful objection regarding the admission of the conviction, he will not be heard to say to this Court that he, in effect, meant the opposite.

In addition, we refer to a cardinal rule of trial procedure as concerns Michigan appellate courts:

"Our Supreme Court presumes evidence admitted was lawfully admitted where no proper objections were made at the trial." *People* v. *Jury* (1966), 3 Mich App 427, 435.

Let us add that where evidence is admitted with the urging and approval of counsel, the contention by the same counsel that its admission was improper will not be heard on appeal.

The related question of whether there was error in permitting the jury to listen to the arguments concerning the admissibility of the evidence relating to the issuance of the traffic ticket must also be resolved against appellant on the same ground. Counsel's objection came before Mrs. Johnson answered regarding the disposal of the traffic ticket in court and his objection was sustained by the trial court as to any further testimony being elicited from Mrs. Johnson on these grounds. We do not find that defendant was prejudiced by having the objection upheld, as no evidence of a conviction was introduced in the presence of the jury.

The investigating police officer also testified that he personally examined the accident site and that another police officer signed the violation notice issued to defendant. We do not find from the record any objection made at the trial to the testimony of the officer regarding his investigations. Instead, appellant urges that because the officer testified that he did not personally sign the traffic violation, he should not have been permitted to testify at all. However, we cite the cases of *Bliss* v. *Kaplan* (1963), 369 Mich 293, and *Dudek* v. *Popp, supra,* where it is held that the testimony of either investigating officer may be introduced at the trial. The record also shows that the officer testified that he had

signed the complaint against the defendant. The
officer properly gave his opinion as an expert and
he was qualified to so testify as these matters were
within his knowledge.

Affirmed. Costs to appellee.

T. G. KAVANAGH and LEVIN, JJ., concurred.