HEGEMAN *v.* LUCKY DRUG STORES, INC.

1. APPEAL AND ERROR.

   The policy of the Court of Appeals is to affirm a jury decision if sufficient evidence exists to substantiate the findings.

2. NEW TRIAL—MOTION FOR NEW TRIAL—DISCRETION.

   The granting of a motion for new trial lies within the sound discretion of the trial court, and to establish error, a clear abuse of such discretion must be shown.

3. JUDGMENT—JUDGMENT NOTWITHSTANDING VERDICT.

   The standard for granting a judgment notwithstanding the verdict where the jury finds for plaintiff is whether the facts taken inferentially favorably to plaintiff preclude a judgment for plaintiff as a matter of law.

4. PLEADING—SUMMARY JUDGMENT—AFFIRMATIVE DEFENSES.

   Motion for summary judgment on the ground that the plaintiff failed to reply to defendant's affirmative defenses set out in its answer to plaintiff's amended complaint was properly denied by trial court where evidence indicates that the failure of plaintiff to reply to defendant's affirmative defenses was an oversight and neither the record nor the extensive pleadings revealed any resultant surprise or prejudice to defendant.

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 October 6, 1970, at Detroit. (Docket No. 7662.)  Decided December 9, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error § 835.
[2]  39 Am Jur, New Trial §§ 13, 131, 201.
[3]  46 Am Jur 2d, Judgments §§ 106–151.
[4]  41 Am Jur, Pleading §§ 340–343.

Complaint by Earl Hegeman against Lucky Drug Stores, Inc., and Seaboard Service Systems, Inc., for return of monies. Verdict and judgment for plaintiff. Defendants' motion for judgment notwithstanding the verdict or a new trial denied. Defendants appeal. Affirmed.

*Donald Brown,* for plaintiff.

*Milton S. Landau* and *Herman S. Avrin,* for defendant Lucky Drug Stores, Inc.

*Kasoff, Young, Gottesman & Kovinsky,* for defendant Seaboard Service System, Inc.

Before: LESINSKI, C. J., and BRONSON and ENGEL,* JJ.

PER CURIAM. Defendant Lucky Drug Stores, Inc. contracted with defendant Seaboard Service System, Inc. to examine the efficiency and practices of Lucky Drug's personnel. On July 20, 1965, Seaboard discovered that the plaintiff had failed to record two sales totaling $11 on the cash register. Upon being questioned by defendants' agents, plaintiff admitted stealing the $11 and later on the same day made a written statement wherein he admitted taking "about $15,000" from Lucky Drugs by not recording sales. Plaintiff also signed another statement in which he agreed to pay back the $15,000. The following day, plaintiff paid the $15,000 to Seaboard and received a receipt stating that the $15,000 was in full payment of monies due Lucky Drugs for the admitted thefts. This money was then divided between Seaboard and Lucky Drugs, each receiving $7,500.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On October 19, 1965, plaintiff filed suit against the defendants to recover the $15,000 or so much of it as constituted an overpayment of what he actually owed.   Plaintiff alleged in substance that the $15,000 payment by him had been made involuntarily and under coercion and duress.   Upon trial, the jury returned a verdict in favor of the plaintiff for $14,500.   Subsequently, defendants filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.   The motion was denied by the trial judge, and the defendants appealed.

Three issues are presented here.   First, appellants assert that the judgment and the verdict were contrary to the great weight of the evidence.   A full and careful review of the record reveals that there was sufficient evidence presented to substantiate the jury's finding that plaintiff had, in fact, stolen no more than $500 and was therefore entitled to a verdict for the overpayment of $14,500.   It is the policy of this Court to affirm a jury decision if sufficient evidence exists to substantiate the findings. *McConnell* v. *Elliott* (1928), 242 Mich 145; *McGever* v. *Schaar* (1962), 365 Mich 481; *Lake Oakland Heights Park Association* v. *Township of Waterford* (1967), 6 Mich App 29; *Stowers* v. *Wolodzko* (1969), 19 Mich App 115.

Second, appellants assert that the trial court erred in denying defendants' motion for judgment notwithstanding the verdict or, in the alternative, a new trial.   The record indicates that the jury judged the credibility of the witnesses, examined the evidence including the exhibits, returned a verdict that was within the limits of the testimony, and were polled on their verdict.

The denial of the motion for new trial lies within the sound discretion of the trial court, and to estab-

lish error, a clear abuse of such discretion must be shown. *People* v. *Poole* (1967), 7 Mich App 237. Such abuse does not appear on the record in this case. The standard for granting a judgment notwithstanding the verdict in this situation is whether the facts taken inferentially favorable to plaintiff preclude a judgment for plaintiff as a matter of law. *Killen* v. *Benton* (1965), 1 Mich App 294; *Serinto* v. *Borman Food Stores* (1966), 3 Mich App 183, *aff'd,* (1968), 380 Mich 637. Since there was sufficient evidence supporting a verdict for plaintiff here, and no error was committed during the trial, the trial judge exercised proper discretion in denying both motions.

Third, appellant Seaboard claims that the trial court erred in denying its motion for a summary judgment on the pleadings because plaintiff failed to reply to defendant's affirmative defenses set out in its answer to plaintiff's amended complaint. The evidence indicates that the failure of plaintiff to reply to defendant's affirmative defenses was an oversight. Neither the record nor the extensive pleadings reveal any resultant surprise or prejudice to defendant. The trial judge properly exercised his discretionary power within GCR 1963, 13, in denying defendant's motion. *Olson* v. *Dahlen* (1966), 3 Mich App 63; *Major* v. *Schmidt Trucking Co.* (1968), 15 Mich App 75.

Affirmed.