PEOPLE v KEITH

Docket No. 52169. Submitted March 2, 1982, at Lansing.—Decided
September 22, 1982. Leave to appeal applied for.

Michael A. Keith was convicted of first-degree criminal sexual
conduct, Jackson Circuit Court, James M. Justin, J. The defen-
dant appeals alleging that: (1) the trial court abused its discre-
tion in failing to grant him a continuance, (2) error resulted
from the jury's inadvertently hearing the trial judge explain
the reason why evidence of the complaining witness's prior
consistent statements should not be admitted, (3) the trial court
erred in permitting the prosecuting attorney to impeach a
witness listed as a res gestae witness on the information and
called by the prosecutor, and (4) he is entitled to credit for time
that he served in jail prior to his conviction. *Held:*

1. The trial judge did not abuse his discretion in failing to
grant the defendant a continuance to obtain substitute counsel.
The defendant never informed the court of the reasons why he
wanted a different attorney. A trial court should not be found
to have abused its discretion where the facts are not made
known at the trial.

2. No error occurred in the jury's hearing the trial judge's
ruling regarding the admissibility of the complainant's prior
consistent statements. The contents of those statements were
never made known to the jury, and the court's comments were
not prejudicial to the defendant.

3. The trial court erred in allowing the prosecutor to impeach
the alleged res gestae witness. The prosecutor should not have

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Continuance §§ 3, 4.
[2] 75 Am Jur 2d, Trial §§ 95, 98.
[3, 6] 29 Am Jur 2d, Evidence §§ 723, 724.
Admissibility in criminal case, as part of the res gestae, of state-
ments or utterances of bystanders made at time of arrest. 78
ALR2d 300.
[4] 5 Am Jur 2d, Appeal and Error § 783 *et seq.*
[5] 21 Am Jur 2d, Criminal Law § 548.
Right to credit for time spent in custody prior to trial or sentence.
77 ALR3d 182.

been surprised by the witness's inconsistent statements at the trial because the witness was listed as an alibi witness by the defendant on the notice of alibi filed by the defendant. The witness was not a res gestae witness. However, the error was harmless beyond a reasonable doubt. The evidence against the defendant was so overwhelming that all reasonable jurors could have found guilt beyond a reasonable doubt even if the witness had not been impeached by the prosecuting attorney.

4. The defendant is not entitled to credit for the time served prior to his conviction because the defendant was serving his prison sentence for a prior conviction.

Affirmed.

E. C. Penzien, J., concurred. Although he agreed with the result reached in the majority opinion, he disagreed with the conclusions that it was error for the trial court to permit the prosecutor to treat the alleged res gestae witness as if he were a res gestae witness and that the prosecutor was not surprised by that witness's inconsistent statements.

### Opinion of the Court

1. Motions and Orders — Continuance.

A reviewing court should look to five factors in determining whether a trial court abused its discretion in failing to grant a defendant a continuance; the reviewing court should examine whether: (1) the defendant was asserting a constitutional right; (2) the defendant had a legitimate reason for asserting the right; (3) the defendant was not guilty of negligence; (4) prior adjournments of trial were not at the defendant's behest; and (5) the defendant has demonstrated prejudice resulting from the trial court's abuse of discretion.

2. Criminal Law — Jury — Rulings by Trial Court.

Error does not occur where the jury in a criminal case inadvertently hears the court announce that, although the argument of the prosecuting attorney regarding whether prior consistent statements of the complaining witness should be admitted into evidence was logical, legal precedent would not allow the admission of such evidence, and where the jury does not hear the statements to which the argument is directed.

3. Witnesses — Res Gestae Witnesses.

A person must be an eyewitness to some event in the continuum of a criminal transaction to be considered a res gestae witness.

4. Appeal — Harmless Error.

Two inquiries are pertinent to a reviewing court's determination

of whether an alleged error of a trial court was harmless: first, was the error so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless and second, if not so basic, can the court declare a belief that the error was harmless beyond a reasonable doubt.

5. CRIMINAL LAW — CREDIT FOR TIME SERVED.

A criminal defendant is not entitled to credit for time served on unrelated offenses or post-conviction time served on a related offense, and where he has served time prior to conviction for a related offense he is entitled to credit for the time served only where the imprisonment bears an intimate and substantial relationship to the crime for which he is subsequently convicted.

CONCURRENCE BY E. C. PENZIEN, J.

6. WITNESSES — RES GESTAE WITNESSES.

*Included within the parameters of the term res gestae witnesses are all eyewitnesses to some event in the continuum of a criminal transaction whose testimony will aid in developing a full disclosure of the facts surrounding the alleged commission of the charged offense; it is not required that the witness actually see the commission of the crime; every reasonable doubt as to whether a witness is a res gestae witness should be resolved in favor of endorsing and calling the witness.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Stuart B. Lev),* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

PER CURIAM. Defendant appeals his February, 1980, conviction by a jury for criminal sexual

* Circuit judge, sitting on the Court of Appeals by assignment.

conduct in the first degree, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). Sentenced March 14, 1980, to a term of 20 to 80 years imprisonment, defendant appeals as a matter of right raising four issues, one of which is of first impression.

On the night of July 22, 1979, defendant invited Penny Giles to go with him to a mutual friend's home. Penny, who had known defendant for some three years and had occasionally dated defendant's brother, accepted. Instead of driving to the friend's home, defendant drove in the opposite direction to Lime Lake where he struck Penny on the head with a beer bottle when she resisted his kisses. Defendant then drove to a cornfield where he repeatedly sexually assaulted Penny, then drove her back to her home where he dropped her off after threatening that he would kill her if she told anyone what had transpired.

On the day of trial and just before a jury was selected, the defendant moved for a continuance so that he could obtain substitute counsel. Defendant's reasons for wanting substitute counsel are set forth in defendant's brief. Defendant's appointed counsel had represented defendant on a criminal sexual conduct charge which had been tried on January 15, 1980, some 40 days prior to the commencement of the instant trial. Defendant was convicted in that case and was unhappy with having the same attorney again represent him. However, those reasons were not stated to the trial court. The prosecutor informed the trial court that the case had initially been set for trial on January 15, 1980, the same date as the similar charge had gone to trial before a different judge, and that the trial date, February 25, 1980, had been scheduled and notices sent on January 21, 1980. The prosecutor explained that witnesses had been

brought in for the trial and defendant had been brought in from prison. The court denied the motion for a continuance, stating that there was no good reason to grant an adjournment for the purpose stated.

In determining whether a trial court has abused its discretion in failing to grant a continuance, a reviewing court looks to the five factors set forth in *People v Wilson,* 397 Mich 76, 81; 243 NW2d 257 (1976). Application of those factors to the situation before us discloses no abuse of discretion. Contrary to what defendant now claims on appeal, the transcript discloses that the defendant never informed the court of the reasons why he wanted a different attorney. Those reasons appear for the first time in defendant's brief on appeal. Further, defendant was negligent in waiting until the moment of trial before asking for an adjournment. On January 15, 1980, the prosecutor stated that he was ready to try the case immediately. A trial court cannot be found to have abused its discretion where the facts are not made known at trial.

While counsel were arguing whether certain prior consistent statements of Penny Giles should be admitted into evidence as contended by the prosecution, the jury inadvertently entered the room. The jury heard the court announce that though the argument of the prosecution was logical, opinions of the Court of Appeals would not allow the testimony in evidence. Defendant claims that this was error. We disagree. The contents of the witness's statement were never made known to the jury. Under similar circumstances, where the jury heard an objection upheld but did not hear the testimony to which the objection was directed, this Court found no error. *Schweim v Johnson,* 10 Mich App 81; 158 NW2d 822 (1968). Additionally,

we do not find that the court's comment was prejudicial to the defendant. As such, no error occurred. *People v Cole,* 349 Mich 175, 187; 84 NW2d 711 (1957).

The third issue is of first impression. Tom Herrera was originally endorsed on the information as a res gestae witness. Subsequently, he was listed as an alibi witness on the notice of alibi filed by the defense. Nevertheless, he was called by the prosecution as a witness for the people and upon direct examination made statements inconsistent with prior statements given deputy sheriff Lazaroff. Upon redirect examination, the prosecutor began to question the witness about his prior inconsistent statements, and defendant objected on the grounds that the prosecution could not impeach its own witness. The court overruled the objection. Likewise, when the prosecutor asked deputy Lazaroff about the statement Herrera made to him, defense counsel's objection was overruled.

The people contend that Herrera was a res gestae witness, and therefore could be impeached under MRE 607(2)(A). According to the people, Herrera was a res gestae witness because his testimony would have aided in developing disclosure of the facts surrounding the alleged commission of the charged offense. The flaw in the people's argument is that in order to be a res gestae witness, a person must be an eyewitness to some event in the continuum of a criminal transaction. In the present case, Herrera saw defendant before he went over to Penny Giles's house, but did not witness any event in the continuum of a criminal transaction. In our opinion, Herrera was not a res gestae witness.

The trial court ruled that Herrera could be

impeached by the prosecutor because Herrera's trial testimony surprised the prosecution. Defendant argues that the prosecutor could not have been surprised because he was notified that Herrera might be called as an alibi witness. We agree with defendant that the prosecution was not surprised. Consequently, we find that the trial court erred in allowing the witness to be impeached.

However, we find the error harmless. In *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972), harmless error was defined:

"Where it is claimed that error is harmless, two inquiries are pertinent. First, is the error so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless? * * * Second, if not so basic, can we declare a belief that the error was harmless beyond a reasonable doubt?" *Robinson,* p 563.

The first inquiry is whether the prosecutor's impeachment of his own witness was unduly offensive to the maintenance of a sound judicial process. FRE 607 allows the party calling a witness to impeach the credibility of the witness called. In *Chambers v Mississippi,* 410 US 284, 296; 93 S Ct 1038; 35 L Ed 2d 297 (1973), the Supreme Court characterized the "voucher" rule as follows:

"Whatever validity the 'voucher' rule may have once enjoyed, and apart from whatever usefulness it retains today in the civil trial process, it bears little present relationship to the realities of the criminal process.

* * *

"8. The 'voucher' rule has been condemned as archaic, irrational, and potentially destructive of the truth-gathering process. McCormick, *supra,* fn 7; Morgan, Basic Problems of Evidence 70-71 (1962); 3A Wigmore, *supra,* fn 7, § 898, p 661."

In our opinion, the prosecutor's impeachment of Herrera was not unduly offensive to the maintenance of a sound judicial process.

The second inquiry is whether the error was harmless beyond a reasonable doubt. In the instant case, Penny Giles identified defendant as the person who sexually assaulted her; Penny had known defendant for over three years. Defendant arrived to pick Penny up in a green Ford Maverick. Penny testified that defendant hit her on the head with a beer bottle, then repeatedly assaulted her sexually. Penny required eight stitches in her head and laboratory tests showed that she had had sexual intercourse recently. A green Ford Maverick was found abandoned on the road, and the police recovered a beer bottle, cornstalk, and fabric samples from the car's interior. The fabric samples contained bloodstains of the same type as Penny's blood. The beer bottle and cornstalk also contained bloodstains. The evidence against defendant was so overwhelming that all reasonable jurors would have found guilt beyond a reasonable doubt even if Tom Herrera had not been impeached by the prosecution.

Lastly, defendant contends that he is entitled to credit for 244 days that he served in the county jail prior to his conviction. Defendant was incarcerated on an unrelated charge, for which he was sentenced to 5 to 15 years imprisonment on February 13, 1980. Defendant received credit for 165 days served when he was sentenced on the other charge. Defendant is not entitled to credit for the time served prior to February 13, 1980. *Brinson v Genesee Circuit Judge,* 403 Mich 676; 272 NW2d 513 (1978). Defendant is not entitled to credit for the days served between February 13, 1980, and March 14, 1980, because at this time defendant

was serving his prison sentence for his prior conviction. *People v Monasterski,* 105 Mich App 645; 307 NW2d 394 (1981).

Affirmed.

E. C. PENZIEN, J. *(concurring).* Although I concur with the result reached by the majority, I disagree with the majority's conclusion that it was error for the trial court to permit the prosecutor to treat witness Tom Herrera *as if* he were a res gestae witness. Furthermore, I do not agree with the majority's finding that the prosecutor was not surprised by this witness's testimony.

Several appellate opinions in this state have adopted a broad interpretation of the term res gestae witness. See *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973). Included within the parameters of this term are all eyewitnesses to some event in the continuum of a criminal transaction whose testimony will aid in developing a full disclosure of the facts surrounding the alleged commission of the charged offense. *People v Mack,* 112 Mich App 605; 317 NW2d 190 (1981). It is not required that the witness actually see the commission of the crime. See *Harrison, supra,* and *People v King,* 58 Mich App 390; 228 NW2d 391 (1975). Finally, according to at least one case, every reasonable doubt as to whether a witness is a res gestae witness should be resolved in favor of endorsing and calling the witness. *People v Austin,* 95 Mich App 662; 291 NW2d 160 (1980).

It is not necessary to agree with the principles enunciated in all of the above cases in order to recognize the dilemma in which they place a trial judge and a prosecuting attorney. Certainly, the prosecutor was justified in believing that the issue is no longer whether or not the witness *is* a res

gestae witness, but whether or not there is any reasonable doubt on that score. In this case, the prosecutor resolved the reasonable doubt in favor of the defendant by calling the witness as a res gestae witness. Having done so and having received adverse testimony from the witness, he is faced with an opinion by this Court that he was *not* required to call the witness and therefore he had no right to show that the witness had given a prior inconsistent statement.

While the instant case presents a close question, I am of the opinion that the application of the foregoing standards to the facts of the instant case mandate a conclusion that the prosecutor was correct in treating Herrera *as if* he were a res gestae witness whom he had a duty to produce and call for testimony. In this regard, it should be noted that the permission to cross-examine a witness is not strictly grounded on whether or not the witness is in fact a res gestae witness. It is grounded upon the prosecuting attorney's obligation to call that witness and present his testimony. MRE 607(2)(A).

I also take exception to the majority's finding that the prosecutor was not surprised by Herrera's trial testimony. The only indication in the record to justify such a finding is that the witness was listed by the defendant as a *possible* alibi witness. This alone is not sufficient to establish that the prosecutor knew or should have known that the witness would repudiate his prior statements to the police. Simply because the witness is listed as a possible alibi witness should not be construed as putting the prosecutor on notice that the witness has changed his story. There is nothing to preclude the defendant from listing anyone he wants

to as an alibi witness, and this humble trial judge would venture a guess that the number of alibi witnesses listed by defendants and not called to testify far exceeds the number who are listed and are called. Therefore, I would affirm the trial court's finding that the prosecutor was indeed surprised by the precise testimony given by the witness, there being an insufficient record showing abuse of the trial court's discretion in that regard.