HEALY v ST MARY'S HOSPITAL OF SAGINAW, INC

Docket No. 89903. Submitted December 9, 1986, at Lansing. Decided
February 18, 1987.

William and Brenda Healy brought a medical malpractice action
against St. Mary's Hospital of Saginaw, Inc., and two doctors in
Saginaw Circuit Court. The matter went to mediation. The
mediators fixed the total evaluation of plaintiffs' claim at
$150,000, one doctor being held liable for $135,000, the other
doctor being held liable for $14,990 and the hospital being held
liable for $10. Plaintiffs filed a notice of acceptance of the
mediation evaluation which indicated that they would "accept
the evaluation of the mediation board, in its entirety." The
hospital accepted the evaluation, but the doctors rejected the
evaluation. The hospital submitted a proposed order that
awarded plaintiffs $10 in damages against the hospital. Plain-
tiffs objected to the proposed order, stating that by indicating
that they accepted the evaluation "in its entirety" they in-
tended that their acceptance be conditional upon all the parties
accepting the evaluation, as provided by the court rules. The
trial court, Joseph R. McDonald, J., held that plaintiffs' accep-
tance was intended as a conditional acceptance and entered a
final order allowing plaintiffs to withdraw their acceptance.
Defendant hospital appealed.

The Court of Appeals *held:*

The court rule relating to conditional acceptance of media-
tion awards does not require some particular language to be
used in the making of a conditional acceptance. The trial court
did not err in holding that the language used was sufficient to
convey that plaintiffs' acceptance was conditional upon all
parties accepting the evaluation.

Affirmed.

REFERENCES

Am Jur 2d, Arbitration and Award §§ 124 *et seq.*

Am Jur 2d, New Topic Service, Alternative Dispute Resolution §§ 1
*et seq.*

See the annotations in the Index to Annotations under Arbitration
and Award.

PRETRIAL PROCEDURE — MEDIATION AWARDS — CONDITIONAL ACCEPTANCE.

> The court rule permitting conditional acceptance of a mediation award involving multiple parties does not mandate any particular words to make the acceptance conditional; the rule is satisfied where the words used are sufficient to convey that the acceptance is conditional upon all parties accepting the evaluation (MCR 2.403[L][3][b]).

*Charfoos & Christensen* (by *Jody L. Aaron*), for plaintiffs.

*William E. Jungerheld,* for St. Mary's Hospital of Saginaw, Inc.

Before: MACKENZIE, P.J., and ALLEN and M. JOHN SHAMO,* JJ.

ALLEN, J. In this medical malpractice action against multiple defendants we are for the first time called upon to interpret MCR 2.403(L)(3). No cases have been decided under this new section which took effect March 1, 1985.

On August 17, 1983, plaintiffs filed a complaint against defendants. William Healy had first been admitted to St. Mary's Hospital for surgery of a herniated disc. Following the operation he was released from the hospital with a fever but was subsequently readmitted for treatment of infectious endocarditis and underwent surgery for aortic valve replacement. The complaint alleged that Dr. Schanz and Dr. Fields were negligent by failing to investigate the cause of William Healy's postoperative fever. The complaint alleged that St. Mary's was vicariously liable for the acts of its agents and employees and directly liable for failing to provide an aseptic operating room.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

A medication hearing was held on June 12, 1985. The mediators evaluated plaintiffs' total damages as being $150,000. The mediators broke the total down as to each defendant, finding Dr. Schanz liable for $135,000, Dr. Fields liable for $14,990, and St. Mary's liable for $10. On June 25, 1985, plaintiffs filed a notice of acceptance stating that they "accept the evaluation of the mediation board, in its entirety." St. Mary's accepted the evaluation, but the other defendants, Drs. Schanz and Fields, rejected it. On September 10, 1985, St. Mary's Hospital submitted an order for entry of judgment that awarded plaintiffs $10 in damages against St. Mary's. On September 16, 1985, plaintiffs objected to entry of the order of judgment proposed by St. Mary's, stating that they accepted the mediation evaluation "in its entirety," meaning that they only accepted the award as to St. Mary's if all other defendants also accepted the award. At a hearing held on November 18, 1985, the trial judge rejected the proposed order and entered a final order allowing plaintiffs to amend their acceptance of the mediation evaluation. St. Mary's appeals as of right.

St. Mary's argues that MCR 2.403(L)(3) provides that a party who wishes to make a conditional acceptance of a mediation evaluation must include specific language in the acceptance stating it is effective only if all parties accept and that, since plaintiffs did not include any additional acceptance language, plaintiffs should be deemed to have accepted the evaluation with respect to any opposing party who also accepted. Plaintiffs argue that the court rule does not set out magic words of acceptance and that by use of the phrase "in its entirety" plaintiffs did sufficiently include the language required by MCR 2.403(L)(3). The court agreed with plaintiffs, stating from the bench:

Totality would seem to indicate that they [plaintiffs] accept if all parties accept. That would make more sense than any other interpretation would.

We agree with the trial judge. MCR 2.403(L)(3) states:

(b) A party who accepts all of the awards may specifically indicate that he or she intends the acceptance to be effective only if all opposing parties accept. *If this limitation is not included in the acceptance,* an accepting party is deemed to have agreed to entry of judgment as to that party and those of the opposing parties who accept, with the action to continue between the accepting party and those opposing parties who reject. [Emphasis added.]

MCR 1.105 provides:

These rules are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties.

The narrow question presented is whether the trial judge abused his discretion when he decided that the language "in its entirety" sufficiently indicated that plaintiffs intended that their acceptance would "be effective only if all opposing parties accept." While plaintiffs' choice of words could be improved upon, we conclude that "in its entirety" refers to the $150,000 and not to any separate part thereof.

In *Hegeman v Lucky Drug Stores, Inc,* 28 Mich App 629; 184 NW2d 766 (1970), plaintiff failed to reply to defendant's affirmative defenses. Nevertheless, defendant's motion for summary judgment was denied. The trial judge properly exercised

discretion under GCR 1963, 13, now MCR 1.105. This Court pointed out that failure to reply was an oversight that did not result in surprise or prejudice to the defendant.

The court rule does not mandate any particular words of conditional acceptance. We find that the trial judge did not abuse his discretion in interpreting plaintiffs' acceptance as being conditioned on the acceptance of all other parties.

Affirmed. Costs to plaintiffs.